IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>DANIEL CHHOUN, et al.,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:06-CR-460-TC |

The United States of America brought this criminal conspiracy case under the Racketeer Influenced Corrupt Organization Act (RICO) against alleged members of the Tiny Oriental Posse (TOP) gang.  The case is scheduled to go to trial on March 10, 2008.

On December 10, 2007, the court held a hearing on, among other things, objections to the government's proposed 404(b) and association evidence for defendants Prum Mony Ty, Phoukham Chanthavong, Samnang Yong, Alan Ratrisouk, and Anousak Kaykeo.[1]  The record (including the hearing transcript) is complete, and so the court now issues its written ruling on the objections.

**BACKGROUND**

On May 25, 2007, the Government filed its Position on Disclosure of Potential 404(b)

---

[1]On February 4, 2008, the court will hold another hearing on the admissibility of 404(b) and association evidence for defendants Sackda Douangbupha, Daniel Chhoun, and Rithy Chhak, as well as Rodney Liti (if Mr. Liti is included in the anticipated superseding indictment).

Evidence (hereinafter "Government's Notice").  (Docket # 382.)  Federal Rule of Evidence

404(b) provides that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character
> of a person in order to show action in conformity therewith.  It may, however, be
> admissible for other purposes, such as proof of motive, opportunity, intent,
> preparation, plan, knowledge, identity, or absence of mistake or accident,
> provided that upon request by the accused, the prosecution in a criminal case shall
> provide reasonable notice in advance of trial . . . of the general nature of any such
> evidence it intends to introduce at trial.

In the Government's Notice, it lists acts of several defendants that the Government

contends "are admissible to show the defendants' membership in the enterprise outlined for the

conspiracy, formation of the conspiracy, and execution of the schemes which were the basis for

the enterprise."  (Gov't's Notice at 3.)  The Notice lists, for each defendant, potential 404(b)

evidence and association evidence.  The information provided is limited to the name of the act or

criminal offense, the law enforcement agency involved, and the case number (from which the

year of the offense may be determined in some cases).  Five defendants objected.

According to the Government, the listed offenses "show preparation, plan, custom, and

practice, and are intertwined with the conspiracy count such that they are independently

admissible pursuant to Rule 404(b) and the nature of the pending charge."  (Gov't's Notice at 2.)

It contends that the acts show

> membership in TINY ORIENTAL POSSE, acts committed in conformity with the
> practices of TINY ORIENTAL POSSE, and acts which were part of the design or
> plan to allow TINY ORIENTAL POSSE to achieve power in Salt Lake City and
> surrounding areas.  These acts include crimes of home invasion robberies to gain
> items of value, drive-by shootings for the purpose of retaliation, intimidating
> witnesses, and distribution of controlled substances for the purpose of obtaining
> money to help TINY ORIENTAL POSSE members.

(Id. at 3-4.)

2

The Government further contends that the proposed evidence of criminal wrongdoing is inextricably intertwined with at least one of the charged offenses and so is independently admissible as crimes committed in furtherance of the alleged RICO conspiracy.  (See id. at 4-5.)

During the hearing, the court stated the reasons for its various rulings.  (See generally Dec. 10, 2007 Transcript (Afternoon Session) [hereinafter "Aft. Tr."] at 80-154.)  Accordingly, the court will not repeat those reasons here.

## ORDER

For the reasons set forth during the hearing, the court ORDERS as follows:

1.      Prum Mony Ty's Motion in Limine re: 402, 403 and 404b Evidence (#388) is DENIED.

2.      Phoukham Chanthavong's Objections to 404(b) Evidence (#494) are SUSTAINED IN PART AND OVERRULED IN PART as follows:

      a.      The potential 404(b) evidence numbered 1-5 (burglary of a vehicle) will not be admitted into evidence.  (See Aft. Tr. at 109.)

      b.      The potential 404(b) evidence number 6 (aggravated assault) and number 8 (aggravated assault) are either predicate acts or acts intrinsic to the conspiracy charged in the Second Superseding Indictment, so they are admissible.

      c.      The potential 404(b) evidence number 7 (assault on prisoner) will not be offered by the Government, so the objection is moot.

      d.      Association evidence number 4 (street check) and number 6 (aggravated assault) are related to predicate acts, so they are admissible.

3

e.       Association evidence number 1 (stolen vehicle) is not 404(b) evidence, because the court, under Rule 403, will not allow any mention of a stolen car.  Accordingly, without evidence of a bad act under number 1, that evidence will not be admitted at trial under Rule 404(b).  To the extent it is relevant, it may be admissible, but the court does not reach that issue at this time.

f.       Association evidence number 2 (concealed weapon), number 3 (disorderly conduct), and number 5 (unlawful possession of firearm) are admissible, subject to the Government actually presenting the witness testimony proffered.  In particular, association evidence number 3 (disorderly conduct) must be supported by testimony that there was some sort of implied or actual threat or threatening behavior.  (See Aft. Tr. at 113-114.) Further, the evidence will be presented along with limiting instructions identified by the court during the hearing.  (See id.)

g.       Given the confusion noted during the hearing (see Aft. Tr. 122, 126, 130-32), the court declines to rule on the admissibility of association evidence number 7 (concealing offender).  Unless the Government can meet its burden and provide accurate information regarding this incident, the court is not going to allow the purported association evidence against Mr. Chanthavong.

3.       Samnang Yong's Motion in Limine re: 404(b) Evidence (#509):  Given the confusion noted during the hearing, and the lack of, or inaccurate, notice to Mr. Yong (see Aft.

Tr. at 130-32), the court DENIES Mr. Yong's motion WITHOUT PREJUDICE.  Moreover, the

court declines to rule on the admissibility of the government's proffered evidence.  Unless the

Government provides proper notice and can meet its evidentiary burden, the court is not going to

allow the purported 404(b) or association evidence against Mr. Yong.

      4.    Alan Ratrisouk's Objections to 404(b) Evidence (#451) are SUSTAINED IN

PART AND OVERRULED IN PART as follows:

      a.    Association evidence number 1 (assault) and number 2 (disturbing the

peace) are not admissible.

      b.    Association evidence number 3 (disturbing the peace) is admissible, with

the same caveat noted in the court's ruling on association evidence number

3 for Phoukham Chanthavong: that is, the evidence must be supported by

testimony that there was some sort of implied or actual threat or

threatening behavior.  (See Aft. Tr. at 113-14.)

      5.    Anousak Kaykeo's Motion in Limine regarding 404(b) Evidence (#504) is

GRANTED IN PART AND DENIED IN PART as follows:

      a.    The Government withdrew its offer of potential 404(b) evidence against

Mr. Kaykeo, so the motion as to incidents numbered 1-3 is moot.

      b.    The Government withdrew its offer of association evidence number 1

(shooting) and number 2 (robbery of store), so the motion as to that

evidence is moot.

      c.    Association evidence number 3 (possession of drugs) is not admissible.

      d.    Association evidence number 4 (possession of firearm) is admissible as to

the burglary tools, the .22 caliber magazines, and the .22 caliber handgun.

The Government is not allowed to mention Mr. Liti's DUI or the Luger[2]

9 millimeter automatic handgun in the possession of Ronald Carlton.

     e.     Association evidence number 5 (drugs/weapons) will not be admitted as

evidence of a bad act under 404(b).

DATED this 25th day of January, 2008.

BY THE COURT:

TENA CAMPBELL
Chief Judge

_____

[2]The transcript reads "Louver," but the court believes the term should be "Luger."  (See Aft. Tr. at 143-44.)

6